IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                               CASE NO.: 1:04cv418-SPM/AK

PHILLIP S. TEPPERBERG, D.C.,

    Defendant.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Plaintiff's Motion for Summary Judgment (doc. 16) and Defendant's response (doc. 21).

**I. Standard for Summary Judgment**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is considered "genuine" if "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is considered "material" if it may affect the outcome of the case under governing law. Id.

## II. Discussion

The Defendant secured loans from the United States Department of Health and Human Services (HHS) on three occasions by signing promissory notes for Health Education Assistance Loans (HEAL) to attend the Los Angeles School of Chiropractic.  The dates of those promissory notes were as follows: January 12, 1982 in the amount of $3672.00, April 24, 1982 in the amount of $3672.00, and January 5, 1983 in the amount of $4860.00.

The Defendant was granted forbearances until January 31, 1987. Despite numerous demand letters commencing on July 23, 1987, the Defendant failed to make payment, and a claim in the amount of $21,899.00[1] was paid by HHS to the Student Loan Marketing Association (SLMA) on December 12, 1987. Through this action the United States seeks to recover from the Defendant the money that HHS paid on the Defendant's HEAL loans along with the interest accrued.

Although Defendant does not contest taking the HEAL loans, he does contend that he should not be held liable for the loans because he justifiably thought that he was released of the obligation when he satisfied a judgment entered against him for default of another loan.  Defendant's assumption regarding release, however, does not change the facts that he did take out HEAL

---

[1]Amount includes compounded interest.

loans from the Plaintiff, failed to pay them, and was not released from his obligation by the prior adjudicated case, which involved a different loan issued by the Department of Education. The Plaintiff has demonstrated that there is no genuine issue as to Defendant's responsibility for the payment of the loans with the signed promissory notes. Therefore, summary judgment is appropriate as to Defendant's liability on the HEAL loans.

There is, however, a dispute as to the amount of money owed on the balance of the loan. Plaintiff lists the current balance as of August 2004 at $83,611.59[2]. Given certain amounts that the Defendant contends he has submitted or that the IRS intercepted as payment, this balance may be incorrect. There are at least two different documents in question that demonstrate that a genuine issue of material fact exists as to the balance due on the HEAL loans. Accordingly, it is

ORDERED AND ADJUDGED:

1. Defendant's Motion for Summary Judgment (doc. 16) is granted in part and denied in part.

2. The motion is granted in favor of the Plaintiff as to Defendant's liability for the loan.

3. The motion is denied as to the amount of the Defendant's financial

---

[2]This amount represents the original $21,899.00 plus interest compounded from December 12, 1987.

1:04cv418-SPM/AK

obligation for the HEAL loans.

DONE AND ORDERED this 18th day of July, 2005.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge